IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GENE COGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:07CV991-MEF |
| ) | |
| LINDA HARRIS, REVENUE ) | |
| COMMISSIONER FOR TALLAPOOSA ) | |
| COUNTY, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION AND
RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Gene Coggins, proceeding *pro se*, has filed a motion seeking to proceed *in forma pauperis* in this action (Doc. # 2).[1] He has also filed a motion to use the appendix system (Doc. # 3). Upon consideration of the motions, it is

ORDERED that the motion to use the appendix system is DENIED, and the motion to proceed *in forma pauperis* is GRANTED. Upon review of the complaint filed in this case, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

Plaintiff Gene Coggins, proceeding *pro se*, sues Linda Harris, Revenue Commissioner

---

[1] This is the ninth lawsuit filed by plaintiff in this district in the past year. Several have been dismissed prior to service of process; none have survived beyond the motion to dismiss stage.

[2] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

for Tallapoosa County, alleging that Harris violated his constitutional due process rights when she assessed an estate tax against plaintiff's deceased mother's estate. Plaintiff claims that his mother bought twenty acres of land, but "sold and gave away over 28 acres of land from the original twenty acres she bought." (Complaint, p. 4). He contends that since she owned no land at her death, no estate tax was owing, and defendant refused to correct the tax assessment after plaintiff provided defendant with deeds showing the transfers. He alleges that "[w]ith no property to exchange hands, all taxes collected over the past five years are illegal, and create a illegal due process of law, breaking the guaranteed process as provided in the United States Constitution." (Id., p. 5).

Plaintiff does not allege any procedural deficiencies in the assessment or collection of the estate taxes, nor has he alleged that the state failed to provide a constitutionally adequate post-deprivation remedy.[3] Thus, it appears that plaintiff asserts a substantive due process claim. Plaintiff's complaint fails to state a substantive due process claim upon which relief may be granted.[4] Plaintiff challenges defendant's failure to correct the assessment of taxes against his mother's estate and refund the tax payments made by plaintiff. Plaintiff's interest in the correction of the tax assessment or in a refund of the allegedly illegally

---

[3] See McKinney v. Pate, 20 F.3d 1550, 1563 (11th Cir. 1994)(To establish a violation of procedural due process rights, a plaintiff must show that the state has failed to "make available a means to remedy the deprivation."). The Alabama Taxpayers' Bill of Rights and Uniform Revenue Procedures Act allows appeals to state circuit courts from final tax assessments and from the denial of petitions for refund. Ala. Code § 40-2A-7; see also General Motors Acceptance Corp. v. City of Red Bay, 894 So.2d 650 (Ala. 2004).

[4] One glaring deficiency is that plaintiff has not alleged facts demonstrating that he, individually, has standing to challenge an assessment of taxes against his mother's estate.

assessed state taxes arises, if at all, from state law.

> In addressing a substantive due process challenge to a non-legislative act[5] . . . a plaintiff must identify a right that is "fundamental," that is, a right that is "implicit in the concept of ordered liberty." McKinney, 20 F.3d at 1556 (quotations omitted). "[A]reas in which substantive rights are created only by state law ... are not subject to substantive due process protection under the Due Process Clause [as applied to non-legislative acts,] because substantive due process rights are created only by the Constitution." Id. (quotations and citation omitted). Property rights are state common law rights and are not equivalent to fundamental rights. DeKalb Stone, Inc. v. County of DeKalb, Georgia, 106 F.3d 956, 959 (11th Cir.1997). Non-legislative deprivations of state-created property rights . . . "cannot support a substantive due process claim, not even if the plaintiff alleges that the government acted arbitrar[il]y and irrationally." Greenbriar Village, L.L.C. v. Mountain Brook, City, 345 F.3d 1258, 1263 (11th Cir.2003).

Abele v. Hernando County, 161 Fed.Appx. 809, *815-816, 2005 WL 3501869,**5 (11th Cir. Dec. 23, 2005); see also Lewis v. Brown, 409 F.3d 1271 (11th Cir. 2005). Because plaintiff's substantive due process claim is based on the alleged deprivation of a state-created property right by executive act, it fails to state a claim and is due to be dismissed.[6]

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action be DISMISSED with prejudice pursuant to 28 U.S.C. 1915(e)(2)(B).

---

[5] "Non-legislative" or "executive" acts "characteristically apply to a limited number of persons (and often to only one person); executive acts typically arise from the ministerial or administrative activities of members of the executive branch." McKinney, *supra*, 20 F.3d at 1557 n. 9. Legislative acts, in contrast, "generally apply to a larger segment of – if not all of – society; laws and broad-ranging executive regulations are the most common examples." Id. Defendant's alleged actions in this case regarding the estate of plaintiff's mother are clearly executive or non-legislative acts.

[6] Because plaintiff cannot allege facts which would convert his state-created property law right into a fundamental right or which would convert defendant's actions into legislative acts, he cannot cure the defect in this substantive due process claim and is not entitled to an opportunity to amend his claim.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before November 19, 2007. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 9th day of November, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE